PER CURIAM.
 

 The Illinois Department of Public Aid (“IDPA”) appealed to the district court an order of the bankruptcy court confirming the Chapter 13 plan of the debtor, Verna Jones. The district court remanded the case to the bankruptcy court for reconsideration in light of several factors specifically noted in the district court’s opinion. At the behest of the parties, the bankruptcy court, without reason or elaboration, reinstated its original opinion and again confirmed the plan. The parties then appealed directly to this court pursuant to 28 U.S.C. § 1293(b) (providing for direct appeal to this court by agreement of the parties). We remand to the bankruptcy court with instructions to comply with the district court’s remand order.
 

 I.
 

 Verna Jones fraudulently received $18,-288 in public aid payments from the IDPA during the period November 1975 through February 1979. On January 7, 1982, the IDPA filed a two-count civil complaint against Jones in the Circuit Court of Cook County, Illinois, seeking a total judgment of $36,576 (the amount Jones admitted re
 
 *53
 
 ceiving without entitlement plus a statutory penalty).
 
 [1]
 
 The parties entered into a settlement of the state civil action whereby Jones agreed to repay $18,288, and an order was entered on February 18, 1982, requiring Jones to repay that amount at $50 per month, payments commencing on April 20, 1982.
 

 On August 16, 1982, Jones filed a Chapter 13 plan in which she proposed to pay, over the life of the plan, only ten percent of the total amount she owed to the IDPA; the rest of the debt would be discharged at the close of the plan. The IDPA objected to the plan, arguing that the court should withhold confirmation because the plan failed to comply with the good-faith provision of 11 U.S.C. § 1325(a)(3). The bankruptcy court confirmed the plan over the IDPA’s objection, finding in a memorandum opinion that the good-faith requirement was satisfied. The IDPA appealed the confirmation to the district court, and the district court remanded the case to the bankruptcy court for reconsideration of its finding of good faith. The district court’s memorandum opinion listed several specific factors that the bankruptcy court should evaluate in performing its reconsideration.
 
 [2]
 

 On remand, the bankruptcy court merely entered an order reaffirming in its entirety its previous memorandum opinion, and again confirmed the plan. The parties then took a direct appeal to this court.
 

 II.
 

 At oral argument, the attorneys for both parties stated that they had prevailed upon the bankruptcy court to reinstate its original opinion, and had prepared the order reinstating that opinion, in order to expedite appeal to this court. We cannot endorse such a procedure.
 

 The IDPA sought appeal to the district court and requested at that time a remand to the bankruptcy court, which it obtained. The parties then apparently decided that they would prefer a ruling from this court, and persuaded the bankruptcy court to reinstate its original opinion. We have no indication that the bankruptcy court complied with the district court’s instructions on remand; to the contrary, it appears that the parties hoped to circumvent the remand entirely. This sequence of events cannot be reconciled with any conception of orderly judicial procedure.
 

 The attorney for the debtor nevertheless argues that we should disregard the path of this case below because he assures us that the bankruptcy judge did, in fact, consider the factors enumerated in the district court’s opinion. However, the ordgr we are asked to review gives us no indication what reconsideration, if any, the bankruptcy court performed. We simply have no evidence of compliance with the district court’s remand.
 

 In the exercise of our supervisory powers, therefore, we remand this case to the bankruptcy court with instructions to that court to make explicit its compliance with the remand of the district court. In ordering this remand, we express no opinion concerning the merits of the case.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Jones had been convicted of theft on March 4, 1981, for receiving the $18,288 from the IDPA.
 

 [2]
 

 . For instance, the district court directed the bankruptcy court to consider the equities of classifying ordinary consumer debt with tor-tiously-incurred debt, the timing of the bankruptcy filing, the debtor’s criminal conviction, and the nature of the debt owed the IDPA in determining whether the plan complied with the requirement of good faith.